

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 1 2 2009 ★
BROOKLYN OFFICE

COMPLAINT AND
JURY DEMAND

RENEE CAMOIA,

　　　　　　　　　　　　　　　　　Plaintiff,



　　　　-against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner
Office of Equal Employment Opportunity; DR. ELOISE
ARCHIBLAD, Director of the Psychological Services Section;
DR. MICHAEL MARSHALL, of the Psychological Services Section;
SERGEANT LANARIS,
individually and in their official
Capacities as employees of the Police Department City of New York,

TOWNES, J.

BLOOM, M.J.



　　　　　　　　　　　　　　　　　Defendants.

-------------------------------------------------------------------------------X

The plaintiff RENEE CAMOIA, by her attorneys Jeffrey L. Goldberg, P.C., as and for her

complaint against defendants THE CITY OF NEW YORK; RAYMOND W. KELLY; NELDRA

M. ZEIGLER; _____, respectfully set forth

and allege that:

## INTRODUCTION

1.　　　This is an action for equitable relief and money damages on behalf of Plaintiff

RENEE CAMOIA, (hereinafter referred to as "Plaintiff") who was, and who is prospectively

deprived of her statutory and constitutional rights as a result of the Defendant's policies and

practices of differentiating between race, color, national origin, gender and disabilities in the

conditions of her employment.  Said policy was implemented under color of law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin;

(b)      Title VII of the Civil Rights Act of 1964, making it unlawful to retaliate against an employee, because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter;

(c)      Title I of the Americans with Disabilities Act of 1990, which prohibits covered employers from discriminating against an employee who is a "qualified individual with a disability;"

(d)      the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of a person's right to make and enforce contracts under the color of State law;

(e)      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(f)      the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

3.      The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative

Code § 8-502; Intentional Infliction of Emotional Distress; and Intentional Inference with an Employment Contract, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.    Plaintiff is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Suffolk County and the State of New York and is a former employee of Defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the POLICE DEPARTMENT CITY OF NEW YORK (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is defendant CITY.

## DEFENDANTS

6.    Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was Plaintiff's employer, with its central offices in New York County, and diverse other offices and facilities throughout the State of New York including the Recruit Training School, in New York County.

7.    Defendant NYPD is an employer as defined in Title VII and the ADA, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.    RAYMOND W. KELLY, as Police Commissioner; NELDRA M. ZEIGLER, as Deputy Commissioner Office of Equal Employment Opportunity; RAFAEL PINEIRO, as Chief of the Personnel Bureau; DIANA L. PIZZUTI, as Deputy Chief, Commanding Officer of the Police Academy; DR. ELOISE ARCHIBLAD, as Director of the Psychological Services

Section; _____, each individually

and in their official capacity as employees of the NYPD.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has filed suit with this Court within the applicable statute of limitations

period.

10.      Plaintiff is not required to exhaust any administrative procedures prior to suit

under the Civil Rights Act of 1866 or the Civil Rights Act of 1871.

11.      On or about December 18, 2008, plaintiff sought assistance from the United

States Equal Employment Opportunity Commission and filed EEOC Charge No.: 520-2009-

01233.

12.      On or about March 19, 2009, Plaintiff received the Notice of Right to Sue

letter from the EEOC.

## BACKGROUND

13.      On or about March 11, 2008, Plaintiff was assigned to the Recruit Training

School, located at 235 East 20th Street, Manhattan New York. Plaintiff alleges she was

approached by defendant Sergeant Lanaris, who questioned her in front of all the other Recruits.

Plaintiff alleges she was asked who she resided with and what her number and street address

was. Plaintiff alleges Sergeant Lanaris also requested her mothers' number and said that he

needed to speak with her. Plaintiff alleges Sergeant Lanaris told her that he needed to verify her

address and who she lived with.

14.      On or about March 11, 2008, Plaintiff's mother received a phone call from

Sergeant Lanaris stating that the Police Academy had received an anonymous phone call about

Plaintiff. The alleged anonymous caller stated that Plaintiff was bipolar and angry. Sergeant

4

Lanaris also asked Plaintiff's mother about an alleged "incident" at a family function.

15.    On or about March 11, 2008, Plaintiff's brother was contacted by Sergeant Lanaris who questioned him about his family. Sergeant Lanaris also asked Plaintiff's brother if he spends the holidays with Plaintiff.

16.    In or around March 2008, Plaintiff's brother received a telephone call from Dr. Eloise M. Archibald inquiring if he had knowledge of any medications that the Plaintiff was taking and whether or not Plaintiff had a temper problem. Upon information and belief, defendant DR. ELOISE ARCHIBALD has a history of discriminating against minority candidates seeking permanent appointment to the title of Police Officer with Defendant NYPD.

17.    On or about May 7, 1008, Plaintiff was interviewed by Dr. Michael Marshall from Psychological Services. Dr. Marshall asked Plaintiff questions regarding her family and how many cousins she had. Dr. Marshall asked Plaintiff for everyone's name and occupation. Plaintiff was also probed about holidays spent with her family, mainly Thanksgiving. Dr. Marshall continued to question Plaintiff about her relationships with her family members and her mental status. Dr. Marshall questioned if she was Bi-Polar and had ever been treated in a Mental Institution. Plaintiff responded that she was not Bi-Polar and had never been treated in a Mental Institution. Dr. Marshall called Plaintiff a liar and told her he would "find out the truth."

18.    On or about May 7, 2008, during an interview with Dr. Michael Marshall, Dr. Marshall requested that Plaintiff sign a HIPPA release for access to Plaintiff's medical records. Plaintiff did not object to this request and voluntarily signed the HIPPA forms.

19.    On or about May 28, 2008, Plaintiff had a follow up interview with Dr. Marshall after he received Plaintiff's medical records. Dr. Marshall questioned Plaintiff about medications she had taken several years prior. Plaintiff explained to Dr. Marshall that several

years ago she had taken Stacker 2 diet pills. During this meeting Plaintiff also told Dr. Marshall that she was prescribed a medication for headaches, heart palpitations. Plaintiff was also precribed Xanax for public speaking engagements and nervousness. After Plaintiff researched the side effects of this drug she decided not to take the pills. Plaintiff was accused of lying. Dr. Marshall told her that she "cared more about her looks than her health."

20.    In or around May 2008, Plaintiff met with a union representative, Police Officer Wallace. Officer Wallace assured her that the allegations against her were unfounded and that she would graduate with her class.

21.    On or about June 11, 2008, Plaintiff was placed on restricted duty.

22.    On or about June 13, 2008, Plaintiff called Dr. Archibald and asked her if Dr. Marshall needed to interview her again and whether or not they needed additional paperwork. Plaintiff also inquired as to whether she was graduating; Dr. Archibald told her to "sit tight and be patient."

23.    On or about July 2, 2008 to July 23, 2008, Plaintiff was assigned to room 530 in the Police Academy, along with the other holdover recruits.

24.    On or about August 2008, Plaintiff was ordered to clean the entire gymnasium along with the other holdover recruits. She was asked to scrape gum off of the locker room floor and gymnasium using a door handle. Upon information and belief, there is nothing in the duties and responsibilities of the civil service title of Police Officer or the collective bargaining agreement with the City of New York that authorizes management to order recruits to perform custodial work.

25.    On or about August 27, 2008, Plaintiff was terminated without explanation. Upon information and belief, Plaintiff was terminated based on an unfair and biased

investigating and assessment by the Psychological Services Section.

26.     Upon information and belief, Plaintiff was terminated due to a perceived disability.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE, COLOR, NATIONAL ORIGIN AND GENDER DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.     Plaintiff re-alleges paragraphs 1 through 30 and incorporates them by reference as paragraphs 1 through 30 of Count I of this Complaint.

28.     Plaintiff allege that defendant NYPD through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's race, color, national origin and gender in violation of 42 U.S.C. § 2000e-2.

29.     As part of its pattern and practice of employment discrimination defendant NYPD, through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, treated Plaintiff in a manner indicative of race, color, national origin and gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of the defendant's discriminatory behavior.

30.     The failure of defendant NYPD through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL, to thoroughly investigate Plaintiff's allegations of race, color, national origin and gender discrimination.

31.     Defendant NYPD knew or should have known about RAYMOND W.

KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL's race, color, national origin and gender discrimination in the workplace because of their prior history of discriminatory conduct against the Plaintiff and other similarly situated individuals.

32.    Defendant NYPD failed and refused to take appropriate action to end the discriminatory treatment and conditions which Plaintiff was subjected to, which was clearly motivated by race, color, national origin and gender discrimination in a clear demonstration of bad faith.

33.    That as a result of the discriminatory acts of defendant NYPD through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL, Plaintiff suffered depression and anxiety and was subsequently terminated.

34.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL, acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at Plaintiff and continued from in or about November 19, 2004, until Plaintiff was terminated.

35.    As a result of the acts of defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL, under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights,

medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.     Plaintiff re-alleges paragraphs 1 through 39 and incorporates them by reference as paragraphs 1 through 39 of Count II of this Complaint.

37.     Plaintiff allege that defendant NYPD through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; _____, engaged in various retaliatory actions against Plaintiff as a result of her opposition to race, color, national origin and gender discrimination and as a result of her filing such complaints with defendant NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

38.     That as a result of the illegal acts of defendant NYPD through its agents, Plaintiff suffered depression and anxiety and was subsequently terminated.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.     Plaintiff re-alleges paragraphs 1 through 42 and incorporates them by reference as paragraphs 1 through 42 of Count III of this Complaint.

40.     Plaintiff allege that defendant NYPD through its agent RAYMOND W. KELLY; NELDRA M. ZEIGLER; _____, engaged in various severe and hostile actions against Plaintiff as a result of her opposition to race, color, national origin and gender discrimination and as a result of her filing such complaints with defendant NYPD and the EEOC.

41.    That as a result of the severe and hostile acts of the defendant NYPD through its agents, Plaintiff suffered depression and anxiety and was subsequently terminated.

## COUNT IV
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

42.    Plaintiff re-alleges paragraphs 1 through 45 and incorporates them by reference as paragraphs 1 through 45 of Count IV of this Complaint.

43.    At all relevant times, Plaintiff was perceived to have been a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, Plaintiff was perceived to be a qualified individual with a mental impairment that substantially limited one or more of her major life activities, which would have precluded her ability to pursue a career in law enforcement with defendant NYPD.

44.    Defendant NYPD through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; _____, failure to treat Plaintiff in a manner comparable to other similarly situated perceived disabled individuals, constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment.

**45.**    Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT V
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

46.    Plaintiff re-alleges paragraphs 1 through 49 and incorporates them by reference as paragraphs 1 through 49 of Count V of this Complaint.

47.    Plaintiff allege that defendant NYPD through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; _____,

engaged in various retaliatory actions against her as a result of her opposition to disability discrimination and as a result of her filing complaints of employment discrimination with defendant NYPD and the EEOC in violation of 42 U.S.C. § 12203(a).

48.    That as a result of the illegal retaliatory acts of the defendant NYPD through its agents, Plaintiff suffered depression and anxiety.

**COUNT VI**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

49.    Plaintiff re-alleges paragraphs 1 through 52 and incorporates them by reference as paragraphs 1 through 52 of Count VI of this Complaint.

50.    Plaintiff allege that defendant NYPD through its agents RAYMOND W. KELLY;              NELDRA              M.              ZEIGLER;
_____, engaged in various severe and hostile actions against her as a result of her opposition to disability discrimination and as a result of her filing complaints of employment discrimination with defendant NYPD and the EEOC.

51.    That as a result of the severe and hostile acts of the defendant NYPD through its agents, Plaintiff suffered depression and anxiety.

**COUNT VII**
**RACE, COLOR, NATIONAL ORIGIN AND GENDER DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

52.    Plaintiff re-alleges paragraphs 1 through 55 and incorporates them by reference as paragraphs 1 through 55 of Count VII of this Complaint.

53.    That by the aforesaid discriminatory acts and omissions of defendants

RAYMOND      W.      KELLY;      NELDRA      M.      ZEIGLER;
_____, acting individually and

acting in their capacities as supervisory and/or administrative officials of defendant NYPD

interfered with Plaintiff's right to enforce contracts under the color of State Law.

54.     That the purpose of the defendants RAYMOND W. KELLY; NELDRA M.

ZEIGLER; DR. ELOISE ARCHIBLAD;_____,

in so acting was to prevent Plaintiff, through economic and psychological intimidation, from

seeking the equal protection of the laws, and from enjoying the equal privileges and immunities

of citizens under the Constitution and laws of the United States and the State of New York

including but not limited to enjoy her right to freedom of speech, movement, association and

assembly, to petition her government for redress of her grievances, to be secure in her person, to

be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life,

liberty, and property without due process of law.

55.     Pursuant to their conduct, the defendants acted to deprive the Plaintiff of her

civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

56.     As a result of the aforesaid acts, depriving Plaintiff of her civil rights,

Plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and

other monetary damages.

### COUNT VIII
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

57.     Plaintiff re-alleges paragraphs 1 through 60 and incorporates them by reference

as paragraphs 1 through 60 of Count VIII of this Complaint.

58.     That by the aforesaid discriminatory acts and omissions of defendants RAYMOND    W.    KELLY;    NELDRA    M.    ZEIGLER;    DR.    ELOISE ARCHIBLAD;_____, acting individually and acting in their capacities as supervisory and/or administrative officials of defendant NYPD interfered with Plaintiff's right to enforce contracts under the color of State Law.

59.     That the purpose of the defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD;_____, in so acting was to prevent Plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

60.     Pursuant to their conduct, the defendants acted to deprive the Plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

61.     As a result of the aforesaid acts, depriving Plaintiff of her civil rights, Plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of her civil rights.

**COUNT IX**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

62.     Plaintiff re-alleges paragraphs 1 through 65 and incorporates them by reference as paragraphs 1 through 65 of Count IX of this Complaint.

63.     Plaintiff alleges that defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DR. ELOISE ARCHIBLAD;_____, engaged in various retaliatory actions acting individually and in their capacities as supervisory

and/or administrative officials of defendant NYPD as a result of Plaintiff's opposition to race, color, national origin, gender and disability discrimination interfering with Plaintiff's right to enforce contracts under the color of State Law.

64. That the purpose of the defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____ in so acting was to prevent Plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

65. Pursuant to their conduct, the defendants acted to deprive the Plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

66. As a result of the aforesaid acts, depriving Plaintiff of her civil rights, Plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of her civil rights.

## COUNT X
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

67. Plaintiff re-alleges paragraphs 1 through 70 and incorporates them by reference as paragraphs 1 through 70 of Count X of this Complaint.

68. Plaintiff allege that defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____ engaged in various severe and hostile actions acting individually and acting in their capacities as supervisory and/or administrative officials of defendant NYPD as a result of her opposition to race, color, national origin and disability discrimination interfering with Plaintiff's right to enforce contracts under

the color of State Law.

69.    That the purpose of the defendants RAYMOND W. KELLY; NELDRA M.

ZEIGLER; DR. ELOISE ARCHIBLAD; _____ in so acting

was to prevent Plaintiff, through economic and psychological intimidation, from seeking the

equal protection of the laws, and from enjoying the equal privileges and immunities of citizens

under the Constitution and laws of the United States and the State of New York.

70.    Pursuant to their conduct, the defendants acted to deprive the Plaintiff of her

civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

71.    As a result of the aforesaid acts, depriving Plaintiff of her civil rights,

Plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and

other monetary damages, in addition to deprivation of her civil rights.

## COUNT XI
## RACE, COLOR, NATIONAL ORIGIN AND GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

72.    Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by

reference as paragraphs 1 through 75 of Count XI of this Complaint.

73.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL

PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS

CARABETTA; ZWEIBEL; and SALEDINE PATEL, under color of law, conspired with one

another to deprive Plaintiff of her pension and constitutional rights, including the rights: to enjoy

freedom of speech, movement, association and assembly, to petition her government for redress

of her grievances, to be secure in her person, to be free from unreasonable searches and seizures,

to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due

process of law.

74.     Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL, acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD, under color of law, and having been fully advised that Plaintiff, a Latina female, was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against Plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect Plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

75.     The defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL, in acting to deprive Plaintiff of her civil rights, failed to thoroughly investigate her allegations of race, color, national origin and gender discrimination in the workplace.

76.     Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINEIRO; DIANA L. PIZZUTI; DR. ELOISE ARCHIBLAD; SCOTT T. LOOS; LOUIS CARABETTA; ZWEIBEL; and SALEDINE PATEL, in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of Plaintiff's rights.

77.     Defendants acted in an outrageous and systematic pattern of discrimination,

oppression, bad faith and cover-up, directed at Plaintiff and continuing from in or about November 19, 2004, until Plaintiff was terminated.

78.     As a result of the acts of the defendants under color of law, Plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

79.     Plaintiff re-alleges paragraphs 1 through 82 and incorporates them by reference as paragraphs 1 through 82 of Count XII of this Complaint.

80.     Defendants RAYMOND W. KELLY; DR. ELOISE ARCHIBLAD; _____ under color of law, conspired with one another to deprive Plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

81.     Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD, under color of law, and having been fully advised that Plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against Plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect

Plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law; all in violation of the Constitution and laws of the United States and of 42 U.S.C. § 1983.

82.    The defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, in acting to deprive Plaintiff of her rights, failed to thoroughly her investigate and resolve her allegations of disability discrimination in the workplace.

83.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of Plaintiff's civil right rights.

84.    Defendants acted in an outrageous and systematic pattern of disability discrimination, oppression, bad faith and cover-up, directed at Plaintiff and continuing from in or about March 11, 2008, until she was terminated.

85.    As a result of the acts of the defendants under color of law, Plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT XIII
### RETALIATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

86.    Plaintiff re-alleges paragraphs 1 through 89 and incorporates them by reference as paragraphs 1 through 89 of Count XIII of this Complaint.

87.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, under color of law, conspired with one another to deprive Plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

88.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, engaged in various retaliatory actions acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD under color of law, in violation of the Constitution and laws of the United States and of 42 U.S.C. § 1983.

89.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of Plaintiff's rights.

90.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at Plaintiff and continuing from in or about March 11, 2008, until she was terminated.

91.    As a result of the acts of the defendants under color of law, Plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XIV**
**HOSTILE WORK ENVIRONMENT**

19

## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

92.    Plaintiff re-alleges paragraphs 1 through 95 and incorporates them by reference as paragraphs 1 through 95 of Count XIV of this Complaint.

93.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, under color of law, conspired with one another to deprive Plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

94.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, engaged in various severe and hostile actions acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD under color of law, in violation of the Constitution and laws of the United States and of 42 U.S.C. § 1983.

95.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of Plaintiff's rights.

96.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at Plaintiff and continuing from in or about March 11, 2008, until she was terminated.

97.    As a result of the acts of the defendants under color of law, Plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XV
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

98.    Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count XV of this Complaint.

99.    That by the aforesaid discriminatory acts and omissions of the defendants, acting individually and acting in their capacities as supervisory and/or administrative officials of the NYPD conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to Plaintiff.

100.    That the purpose of the defendants in so acting was to prevent Plaintiff from obtaining the benefits to which she was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

101.    Pursuant to their conspiracy, defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, acted to deprive the Plaintiff of her civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

102.    As a result of the aforesaid acts, depriving Plaintiff of her civil rights,

Plaintiff suffered mental anguish, emotional distress, physical illness, monetary damages, in addition to deprivation of her civil rights.

## COUNT XVI
## RACE, COLOR, NATIONAL ORIGIN AND GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

103.    Plaintiff re-alleges paragraphs 1 through 106 and incorporates them by reference as paragraphs 1 through 106 of Count XVI of this Complaint.

**104.**    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, national origin and gender.  The same legal standards that apply to Title VII claims apply to claims brought under this law.

## COUNT XVII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTVIE LAW § 296

105.    Plaintiff re-alleges paragraphs 1 through 108 and incorporates them by Reference as paragraphs 1 through 108 of Count XVII of this Complaint.

106.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of perceived disability.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

107.    Plaintiff re-alleges paragraphs 1 through 110 and incorporates them by

reference as paragraphs 1 through 110 of Count XVIII of this Complaint.

108.    The New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, national origin, gender and perceived disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and ADA claims apply to claims brought under this law.

## COUNT XIX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTVE LAW § 296

109.    Plaintiff re-alleges paragraphs 1 through 112 and incorporates them by reference as paragraphs 1 through 112 of Count XIX of this Complaint.

110.    The New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, national origin, gender and perceived disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation and race, color, national origin, gender and perceived disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and ADA claims apply to claims brought under this law.

## COUNT XX
## RACE, COLOR, NATIONAL ORIGIN AND GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

111.    Plaintiff re-alleges paragraphs 1 through 114 and incorporates them by reference as paragraphs 1 through 114 of Count XX of this Complaint.

112.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the

basis of race, color, national origin and gender. The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

113.    Plaintiff re-alleges paragraphs 1 through 116 and incorporates them by reference as paragraphs 1 through 116 of Count XXI of this Complaint.

**114.**    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of perceived disability. The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

115.    Plaintiff re-alleges paragraphs 1 through 118 and incorporates them by reference as paragraphs 1 through 118 of Count XXII of this Complaint.

116.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, national origin, gender and perceived disability. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated. The same legal standards that apply to Title VII and ADA claims apply to claims brought under this law.

## COUNT XXIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

117.    Plaintiff re-alleges paragraphs 1 through 120 and incorporates them by

reference as paragraphs 1 through 120 of Count XXIII of this Complaint.

118.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, national origin, gender and perceived disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation and race, color, national origin, gender and perceived disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and ADA claims apply to claims brought under this law.

**COUNT XXIV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND**
**INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT**
**UNDER NEW YORK STATE COMMON LAW**

119.    Plaintiff re-alleges paragraphs 1 through 122 and incorporates them by reference as paragraphs 1 through 122 of Count XXIV of this Compliant.

120.    Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, intentionally inflicted the aforesaid acts of race, color, national origin, gender and perceived disability discrimination on Plaintiff, with malice, and without legal, economic, business or social justification or excuse, and did so for the sole purpose of causing her emotional distress and anguish.

121.    As a result of the aforesaid intentional acts of defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, the Plaintiff has been irreparably damaged.

122.    That because of the willful and malicious acts of the defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, in gross disregard of the civil rights and well-being of the Plaintiff, Plaintiff is entitled to punitive and exemplary damages.

## JURY TRIAL

123.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that this Court find in her favor and against the Defendants as follows:

a.    Declare that the acts and conduct of defendants NYPD; RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, violated Title VII of the Civil Rights Act of 1964; Title I of the Americans with Disabilities Act of 1990; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985(3); New York Executive Law § 296; New York City Administrative Code § 8-502; and the Intentional Infliction of Emotional Distress and Intentional Interference with Employment Contract Under State Common Law;

b.    Award Plaintiff damages for the full value of all compensation and benefits lost past and future, as a result of the defendants' NYPD; RAYMOND W. KELLY; NELDRA M. ZEIGLER; DR. ELOISE ARCHIBLAD; _____, unlawful conduct;

c.    Award Plaintiff compensatory damages consistent with the aforementioned statues;

d.    Award Plaintiff punitive damages consistent with the aforementioned statutes;

e.    Award Plaintiff appropriate compensatory and punitive damages on his individual torts;

f.    Award Plaintiff prejudgment interest;

g.    Award Plaintiff reasonable attorneys' fees consistent with the aforementioned

statues; and

        h.      Award Plaintiff such other relief as this Court deems proper.

Dated:  Lake Success, N.Y.
         June 12, 2009

                                     Respectfully submitted,

                                     By: _____
                                     Eric Sanders
                                   Attorney for Plaintiff
                                   JEFFREY L. GOLDBERG, P.C.
                                   2001 Marcus Avenue, Suite S160
                                   Lake Success, N.Y. 11042
                                   516-775-9400 Business Telephone
                                   516-775-4477 Facsimile Telephone
                                   Email: esanders@jlgoldbergpc.com