UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RENEE CAMOIA,

Plaintiff,

-against-

THE CITY OF NEW YORK; DR. ELOISE ARCHIBALD, Director
of the Psychological Services Section; and DR. MICHAEL
MARSHALL, of the Psychological Services Section, each being
sued individually and in their official Capacities as employees of
Defendant CITY OF NEW YORK

Defendants.
-------------------------------------------------------------------------X

Amended Complaint

Jury Demand

Judge Sandra L. Townes

09 CV 2545 (SLT)(LB)

The Plaintiff RENEE CAMOIA, by her attorneys Jeffrey L. Goldberg, P.C., as and

for her Amended Complaint against Defendants' THE CITY OF NEW YORK; DR. ELOISE M.

ARCHIBALD and DR. MICHAEL MARSHALL, respectfully set forth and allege that:

**INTRODUCTION**

1.     This is an action for equitable relief and money damages on behalf of Plaintiff

RENEE CAMOIA, (hereinafter referred to as "Plaintiff") who was, and who is prospectively

deprived of her statutory and constitutional rights as a result of the Defendants' THE CITY OF

NEW YORK; DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL'S policies and

practices of differentiating between gender in the conditions of her employment.  Said policy was

implemented under color of law.

**JURISDICTION AND VENUE**

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and

2202 to secure protection of and to redress deprivation of rights secured by:

(a)     Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII")

providing for injunctive and other relief against discrimination in employment on the basis of gender; and

       (b)    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law

3.      The unlawful employment practices, violations of Plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.      The pendent jurisdiction of the federal district court is invoked with respect to the Plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Suffolk County and is a former employee of Defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the POLICE DEPARTMENT CITY OF NEW YORK (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS'

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was Plaintiff's

employer, with its central offices in New York County, and diverse other offices and facilities throughout the world.

7.    Defendant CITY is an employer as defined in Title VII employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.    Defendants' DR. ELOISE M. ARCHIBALD, as Director of the Psychological Services Section and DR. MICHAEL MARSHALL, as Department Psychologist.

## PROCEDURAL REQUIREMENTS

9.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

10.    Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

11.    On or about December 18, 2008, Plaintiff sought assistance from the United States Equal Employment Opportunity Commission and filed EEOC Charge No.: 520-2009-01233.

12.    On or about March 19, 2009, Plaintiff received the Notice of Right to Sue letter from the EEOC.

## BACKGROUND

13.    Plaintiff alleges that on or about March 11, 2008, she was assigned to the Recruit Training School aka the Police Academy.

14.    Plaintiff alleges on that day, she was approached in her classroom by Sergeant Lanaris, of the Investigations Unit.

15.    Plaintiff alleges that Sergeant Lanaris requested her personal contact information in front of the other students.

16.    Plaintiff alleges that on or about March 11, 2008, her mother received a telephone call from Sergeant Lanaris stating that the Police Academy had received an anonymous phone call about the Plaintiff.

17.    Plaintiff further alleges that, the alleged anonymous caller stated that the Plaintiff was Bi-Polar and angry.

18.    Plaintiff alleges that at some point later that day, he questioned her mother and brother about Plaintiff's behavior at a recent family outing.

19.    Plaintiff alleges that sometime later in March 2008, her brother received a telephone call from Defendant DR. ELOISE M. ARCHIBALD.

20.    Plaintiff alleges that Defendant DR. ELOISE M. ARCHIBALD asked her brother whether she was taking any medications.

21.    Plaintiff further alleges that Defendant DR. ELOISE M. ARCHIBALD also asked if she has a bad temper.

22.    Plaintiff alleges that on or about May 7, 1008, she was interviewed by Defendant DR. MICHAEL MARSHALL.

23.    Plaintiff alleges that Defendant DR. MICHAEL MARSHALL asked her a series of probative questions about her lifestyle.

24.    Plaintiff alleges that based upon information and belief, that Defendant DR. MICHAEL MARSHALL would not have asked a similarly situated male officer the same probative questions about his lifestyle.

25.    Plaintiff alleges that Defendant DR. MICHAEL MARSHALL asked her if she is Bi-Polar, and she responded "No."

26.    Plaintiff alleges that Defendant DR. MICHAEL MARSHALL asked if she have

ever been institutionalized, and she responded "No."

27.     Plaintiff alleges that Defendant DR. MICHAEL MARSHALL called her a liar and that he would find out the truth.

28.     Plaintiff alleges that on or about May 7, 2008, during an interview with Defendant DR. MICHAEL MARSHALL, he ordered her to sign a HIPPA release to obtain her personal medical records.

29.     Plaintiff alleges that on or about May 28, 2008, after Defendant DR. MICHAEL MARSHALL reviewed her personal medical records, he re-interviewed her.

30.     Plaintiff alleges that Defendant DR. MICHAEL MARSHALL accused her of caring more about her looks than her health.

31.     Plaintiff alleges that in or around May 2008, she met with PBA Delegate Police Officer Wallace and he assured her that the allegations against her were unfounded and that she would graduate with her class.

32.     Plaintiff alleges that on or about June 11, 2008, she was placed on "Restricted Duty."

33.     Plaintiff alleges that on or about June 13, 2008, she asked Defendant DR. ELOISE M. ARCHIBALD whether she needed to be re-interviewed by Defendant DR. MICHAEL MARSHALL and Defendant DR. ELOISE M. ARCHIBALD replied "No."

34.     Plaintiff then asked Defendant DR. ELOISE M. ARCHIBALD whether she was graduating and the Defendant told her to "sit tight and be patient."

35.     Plaintiff alleges that from around July 2, 2008 until she was terminated on or about August 27, 2008, she was assigned to Recruit Operations along with the other holdover recruits.

36.      Plaintiff alleges that during that time period up until she was terminated, she was ordered to perform various subservient custodial duties.

37.      Plaintiff alleges that on or about August 27, 2008, she was terminated without explanation.

38.      Plaintiff alleges that her termination was based upon an unfair and biased investigation and assessment by Defendants' DRS. ELOISE M. ARCHIBALD and MICHAEL MARSHALL.

39.      Plaintiff alleges that upon information and belief, she was terminated due to Defendants' CITY; DR. ELOISE M. ARCHIBALD and MICHAEL MARSHALL'S gender bias and faulty perception that she is Bi-Polar and therefore, unsuitable for police employment.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### GENDER DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

40.      Plaintiff re-alleges Paragraphs 1 through 39 and incorporates them by reference as Paragraphs 1 through 39 of Count I of this Amended Complaint.

41.      Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

42.      As part of its pattern and practice of employment discrimination, Defendant CITY through its agents treated Plaintiff in a manner indicative of gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

43.      Defendant CITY knew or should have known about gender discrimination in the workplace because of their prior history of discriminatory conduct against the Plaintiff and

other similarly situated individuals.

44.    Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which Plaintiff was subjected to, which was clearly motivated by gender discrimination in a clear demonstration of bad faith.

45.    That as a result of the discriminatory acts of Defendant CITY through its agents, Plaintiff suffered depression and anxiety.

46.    Defendant CITY acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at Plaintiff and continued from in or around March 11, 2008 until she was terminated.

47.    As a result of the acts of Defendant CITY under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

48.    Plaintiff re-alleges Paragraphs 1 through 47 and incorporates them by reference as Paragraphs 1 through 47 of Count II of this Amended Complaint.

49.    Plaintiff alleges that Defendant CITY through its agents engaged in various severe and hostile actions towards Plaintiff as a result of her opposition to gender discrimination.

50.    That as a result of the severe and hostile acts of the Defendant CITY through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT III
## GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

51.    Plaintiff re-alleges Paragraphs 1 through 50 and incorporates them by reference as Paragraphs 1 through 50 of Count III of this Amended Complaint.

52.    Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL under color of law, personally interfered with and deprived Plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

53.    Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL acting individually and in their official capacities as public officials of Defendant CITY under color of law, and having been fully advised that Plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against Plaintiff, or knowing such gender discrimination was taking place, knowingly omitted to act to protect Plaintiff from continuing deprivations of her rights to petition the government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

54.    Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL in acting to deprive Plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

55.    Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

56.    Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL acted in an outrageous and systematic pattern of gender discrimination, oppression, bad faith and

cover-up, directed at Plaintiff and continuing from on or about March 11, 2008, until she was terminated.

57.    As a result of the acts of the Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL under color of law, Plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT IV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

58.    Plaintiff re-alleges Paragraphs 1 through 57 and incorporates them by reference as Paragraphs 1 through 57 of Count IV of this Amended Complaint.

59.    Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL under color of law, personally interfered with and deprived Plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

60.    Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL acting individually and in their official capacities as public officials of Defendant CITY under color of law, and having been fully advised that Plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against Plaintiff, or knowing such gender discrimination was taking place, knowingly omitted to act to protect Plaintiff from continuing deprivations of her rights to petition the government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

61.     Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL in acting to deprive Plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

62.     Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

63.     Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL acted in an outrageous and systematic pattern of gender discrimination, oppression, bad faith and cover-up, directed at Plaintiff and continuing from on or about March 11, 2008, until she was terminated.

64.     As a result of the acts of the Defendants' DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL under color of law, Plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT V**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

65.     Plaintiff re-alleges Paragraphs 1 through 64 and incorporates them by reference as Paragraphs 1 through 64 of Count V of this Amended Complaint.

66.     New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

## COUNT VI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTVE LAW § 296

67.    Plaintiff re-alleges Paragraphs 1 through 66 and incorporates them by reference as Paragraphs 1 through 66 of Count VI of this Amended Complaint.

68.    The New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.  The law also makes it unlawful to create a severe and hostile environment where gender discrimination is encouraged and/or tolerated.

## COUNT VII
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

69.    Plaintiff re-alleges Paragraphs 1 through 68 and incorporates them by reference as Paragraphs 1 through 68 of Count VII of this Amended Complaint.

70.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

71.    Plaintiff re-alleges Paragraphs 1 through 70 and incorporates them by reference as Paragraphs 1 through 70 of Count VIII of this Amended Complaint.

72.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.  The law also makes it unlawful to create a severe and hostile environment where gender

discrimination is encouraged and/or tolerated.

## **JURY TRIAL**

73.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

**Wherefore,** Plaintiff demands compensatory and punitive damages from these

Defendants' CITY; DR. ELOISE M. ARCHIBALD and DR. MICHAEL MARSHALL jointly and

severally, in an amount to be determined at trial, plus any and all available statutory remedies,

both legal and equitable, and interests and costs.

Dated:         September 24, 2009
               Lake Success, NY

                                        Respectfully submitted,

                              By:       _____
                                        Eric Sanders (ES0224)

                                        Jeffrey L. Goldberg, P.C.
                                        Attorneys for Plaintiff
                                        2001 Marcus Avenue, Suite S160
                                        Lake Success, NY 11042
                                        516-775-9400 (Business Phone)
                                        516-775-4477 (Facsimile)
                                        Email: esanders@jlgoldbergpc.com
                                        http://www.jlgoldbergpc.com