UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------X

RENEE CAMOIA,

                                       Plaintiff,

       -against-

THE CITY OF NEW YORK; ELOISE ARCHIBALD, as Director,
Psychological Services Section; MICHAEL MARSHALL, as
Department Psychologist, Psychological Services Section;
LANARIS, as Sergeant, Recruit Training School; JANE DOE 1,
as Sergeant, Recruit Training School; JANE DOE 2, as Police
Officer, Recruit Training School; HAMILTON, as Sergeant, Recruit
Training School; and WHYE, as Sergeant, Recruit Training School,
each being sued individually and in their official capacities as
employees of Defendant CITY OF NEW YORK

                                     Defendants'

-------------------------------------------------------------------------------X

Second Amended Complaint

Jury Demand

Judge Sandra L. Townes

09 CV 2545 (SLT)(LB)

      The Plaintiff RENEE CAMOIA, by her attorneys The Sanders Firm, P.C., as and for her

Second Amended Complaint against Defendants' THE CITY OF NEW YORK; ELOISE M.

ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON;

and WHYE, respectfully set forth and allege that:

## INTRODUCTION

      1.     This is an action for equitable relief and money damages on behalf of Plaintiff

RENEE CAMOIA, (hereinafter referred to as "Plaintiff") who was, and who is prospectively

deprived of her statutory and constitutional rights as a result of the Defendants' THE CITY OF

NEW YORK; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1;

JANE DOE 2; HAMILTON and WHYE'S policies and practices of differentiating between gender

in the conditions of her employment.  Said policy was implemented under color of law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and

2202 to secure protection of and to redress deprivation of rights secured by:

        (a)      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title

             VII") providing for injunctive and other relief against discrimination in

             employment on the basis of gender; and

        (b)      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection

             of all persons in their civil rights and the redress of deprivation of rights

             under color of law

3.      The unlawful employment practices, violations of Plaintiff's civil rights and tortuous

acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.      The pendent jurisdiction of the federal district court is invoked with respect to

the Plaintiff's claims under New York State Executive Law § 296 and New York City

Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court

comprises one constitutional and civil rights case, and the claims arise out of the same common

nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one

judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a female citizen of the United States of America and is over twenty-one

(21) years of age, a resident of Suffolk County and is a former employee of Defendant THE CITY

OF NEW YORK (hereinafter referred to as the "CITY") more specifically the POLICE

DEPARTMENT CITY OF NEW YORK (hereinafter referred to as the "NYPD"). For the purposes

of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the

employer which is Defendant CITY.

## DEFENDANTS'

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was Plaintiff's employer, with its central offices in New York County, and diverse other offices and facilities throughout the world.

7.      Defendant CITY is an employer as defined in Title VII employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.      Defendants' ELOISE M. ARCHIBALD, as Director, Psychological Services Section; MICHAEL MARSHALL, as Department Psychologist, Psychological Services Section; LANARIS, as Sergeant, Recruit Training School; JANE DOE 1, as Sergeant, Recruit Training School; JANE DOE 2, as Police Officer, Recruit Training School; HAMILTON, as Sergeant, Recruit Training School; and WHYE, as Sergeant, Recruit Training School.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

10.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

11.     On or about December 18, 2008, Plaintiff sought assistance from the United States Equal Employment Opportunity Commission and filed EEOC Charge No.: 520-2009-01233.

12.     On or about March 19, 2009, Plaintiff received the Notice of Right to Sue letter from the EEOC.

## BACKGROUND

13.     Plaintiff alleges that in or around Early 2007, she began the hiring process to become a police officer for Defendant CITY.

14.     Plaintiff alleges that as part of its hiring process, Defendant CITY requires each one of its candidates to qualify psychologically.

15.     Plaintiff alleges that part of its psychological analysis of each candidate the candidate must fill out a PA 15, under penalty of perjury, which is a very detailed background investigation booklet listing past jobs, education, arrests, medical history, etc.

16.     Plaintiff alleges that the PA 15 must be detailed along with supporting documents and a passport picture of the candidate.

17.     Plaintiff alleges that each candidate must waive their legal rights regarding the voluntary disclosure of personal information related to the background investigation including their medical and psychological history.

18.     Plaintiff alleges that Defendant CITY then re-verifies each area of the candidate's PA 15.

19.     Plaintiff alleges that Defendant CITY simultaneously schedules each candidate to submit to a comprehensive medical examination.

20.     Plaintiff alleges that part of the comprehensive medical examination includes a licensed NYPD Registered Nurse and NYPD physician aka Department Surgeon supervising the testing, as well as reviewing and re-verifying the candidate's medical and psychological history as listed on the PA 15.

21.     Plaintiff alleges that part of the comprehensive medical examination includes the Department Nurse and Surgeon personally interviewing each candidate about their medical and psychological histories.

4

22.    Plaintiff alleges that she participated in both processes.

23.    Plaintiff alleges that once she completed both processes as listed above Defendant CITY determined that she was two (2) "Q" qualified to continue onto the next phase, meaning that she passed the background or character investigation as well as the medical investigation.

24.    Plaintiff alleges that Defendant CITY then scheduled her for a written psychological examination.

25.    Plaintiff alleges that the psychological examination contains several comprehensive phases.

26.    Plaintiff alleges that she was required to complete the "House, Tree, Person Test."

27.    Plaintiff alleges that this phase of the testing, she was required to draw separate pictures of what she considered to be a "House, Tree and a Person."

28.    Plaintiff alleges that she was also required to complete several written standardized psychological tests.

29.    Plaintiff alleges that this process occurred over an eight (8) hour period in a supervised NYPD facility.

30.    Plaintiff alleges that once these tests were tabulated by an independent scorer, she was scheduled for an interview with a police psychologist.

31.    Plaintiff alleges that she met with a police psychologist.

32.    Plaintiff alleges that the interview occurred over a period of a few hours.

33.    Plaintiff alleges that range of subjects included discussing the contents of her PA 15, the "House, Tree, Person Test," medical history, family history, her responses to the written psychological tests as well as a host of other subjects related to determining her suitability for police work.

34.     Plaintiff alleges that in or around November 2007, Defendant ELOISE M. ARCHIBALD (Female) or her counterpart determined that she was "Q" qualified, meaning that she was psychologically qualified for police work.

35.     Plaintiff alleges that shortly thereafter, Defendant CITY through the NYPD Applicant Processing Division informed her that she was three (3) "Q" qualified and certified to be appointed to the position of police officer.

36.     Plaintiff alleges that in or around January 2008, she was sworn in as a police officer.

37.     Plaintiff alleges that she was then immediately assigned to the Recruit Training School aka the Police Academy to begin her police training.

38.     Plaintiff alleges that she was excited and looking forward to her new career.

39.     Plaintiff alleges that prior to her appointment she was a licensed teacher and professional competitor on the fitness training circuit.

40.     Plaintiff alleges that up until around March 11, 2008, her police training was uneventful.

41.     Plaintiff alleges that up until this point, she performed all of the police training tasks as the rest of the recruits.

42.     Plaintiff alleges that on or about March 11, 2008, she was approached in her classroom by Defendant LANARIS (Male), of the Investigations Unit.

43.     Plaintiff alleges that Defendant LANARIS embarrassed her in front of the other students.

44.     Plaintiff alleges that Defendant LANARIS haphazardly ordered her under threat of suspension to give him her mother's home telephone number without any explanation.

45.     Plaintiff alleges that Defendant LANARIS called her mother to question plaintiff's lifestyle and behavior.

46.     Plaintiff alleges that Defendant LANARIS was engaging in an improper investigation.

47.     Plaintiff alleges that Defendant LANARIS was allegedly investigating an "anonymous telephone call" received at the Recruit Training School.

48.     Plaintiff alleges that Defendant LANARIS was allegedly investigating whether she was "Bi-Polar" and "Angry."

49.     Plaintiff alleges that Defendant LANARIS was not medically qualified to make any inquiries into these "anonymous" allegations.

50.     Plaintiff alleges that at some point later that day Defendant LANARIS haphazardly questioned her mother and brother about plaintiff's behavior at a recent family outing.

51.     Plaintiff alleges that at some point, she was ordered to report to Human Resources Room 523.

52.     Plaintiff alleges that she was met with hostility from Defendants' JANE DOE 1 (Female) and JANE DOE 2 (Female).

53.     Plaintiff alleges that Defendants' JANE DOE 1 and JANE DOE 2 sat her in a chair between them.

54.     Plaintiff alleges that from either side Defendants' JANE DOE 1 and JANE DOE 2, said "we have been waiting to speak with you."

55.     Plaintiff alleges that Defendants' JANE DOE 1 and JANE DOE 2 told her "it is obvious that you have a problem."

56.     Plaintiff alleges that Defendants' JANE DOE 1 and JANE DOE 2 told her that "several recruits have indicated on their evaluation sheets that they do not want to work with you because you are a 'stuck up lazy bitch and think that you are better than everyone else.'"

57.     Plaintiff alleges that Defendants' JANE DOE 1 and JANE DOE 2 would not disclose the identities' of these individuals.

58.     Plaintiff alleges Defendants' JANE DOE 1 and JANE DOE 2 then bombarded her with personal questions related to her lifestyle such as family life, social contacts etc.

59.     Plaintiff alleges that after questioning her for a period of time, Defendants' JANE DOE 1 and JANE DOE 2 dismissed her ordering her to return to her company.

60.     Plaintiff alleges that Defendants' LANARIS; JANE DOE 1 and JANE DOE 2 treated her with such disrespect because she is a female.

61.     Plaintiff alleges that sometime later in March 2008, her brother received a telephone call from Defendant ELOISE M. ARCHIBALD.

62.     Plaintiff alleges that Defendant ELOISE M. ARCHIBALD asked her brother whether she was taking any medications.

63.     Plaintiff further alleges that Defendant ELOISE M. ARCHIBALD asked him if she has a bad temper.

64.     Plaintiff alleges that Defendant ELOISE M. ARCHIBALD has a history of performing questionable psychological reviews due to gender stereotyping dating back to the 1980's.

65.     Plaintiff alleges that Defendant ELOISE M. ARCHIBALD wrote a trade article entitled "Police Psychology into the 21st Century in 1995."

66.     Plaintiff alleges that in Defendant ELOISE M. ARCHIBALD'S writings, which

she presented to other police surgeons, she specifically warned them about being careful in their psychological reviews of police employees.

67.    Plaintiff alleges that Defendant ELOISE M. ARCHIBALD specifically warned her peers to be cognizant of individuals' using "psychology as a weapon."

68.    Plaintiff alleges that in other words, police psychologists must strictly scrutinize allegations especially "anonymous" allegations, against police employees to ensure that the police psychologist is not being used to unfairly punish the employee.

69.    Plaintiff alleges that Defendant ELOISE M. ARCHIBALD specifically warned her peers that their psychological reviews must be legally sustainable in court.

70.    Plaintiff alleges that Defendant ELOISE M. ARCHIBALD violated her own admonitions to her peers.

71.    Plaintiff alleges that on or about May 7, 2008, she was interviewed by Defendant MICHAEL MARSHALL (Male).

72.    Plaintiff alleges that Defendant MICHAEL MARSHALL asked her if she was having any problems in the police academy.

73.    Plaintiff responded "No."

74.    Plaintiff alleges that she told Defendant MICHAEL MARSHALL about her encounter with Defendants' LANARIS; JANE DOE 1 and JANE DOE 2.

75.    Plaintiff alleges that Defendant MICHAEL MARSHALL ignored her complaints about their conduct.

76.    Plaintiff alleges that Defendant MICHAEL MARSHALL had an obligation to report their conduct to the NYPD Office of Equal Employment Opportunity.

77.    Plaintiff alleges that Defendant MICHAEL MARSHALL had an obligation to

report their conduct to the Internal Affairs Bureau.

78.    Plaintiff alleges that Defendant MICHAEL MARSHALL never reported their conduct to anyone.

79.    Plaintiff alleges that Defendant MICHAEL MARSHALL then began to engage in similar conduct.

80.    Plaintiff alleges that Defendant MICHAEL MARSHALL began to bombard her with a series of probative questions, essentially re-interviewing as in her original pre-employment psychological interview.

81.    Plaintiff alleges that Defendant MICHAEL MARSHALL questioned her about her personal lifestyle.

82.    Plaintiff alleges that Defendant MICHAEL MARHSALL commented on her being more concerned about her vanity than anything else, etc.

83.    Plaintiff alleges that Defendant MICHAEL MARSHALL asked her numerous times if she is "Bi-Polar."

84.    Plaintiff responded each time "No."

85.    Plaintiff alleges that Defendant MICHAEL MARSHALL asked her "why would someone say you are 'Bi-Polar' if you aren't?"

86.    Plaintiff responded "I do not know."

87.    Plaintiff alleges that Defendant MICHAEL MARSHALL asked her "have you ever been institutionalized?"

88.    Plaintiff responded "No."

89.    Plaintiff alleges that Defendant MICHAEL MARSHALL asked her "have you ever been seen by a psychologist or therapist?"

90.    Plaintiff responded "No."

91.    Plaintiff alleges that Defendant MICHAEL MARSHALL asked her "do you do this when you get mad?"

92.    Plaintiff alleges that Defendant MICHAEL MARSHALL demonstrated with bugged out eyes and motioning as if he was placing his hands around her neck in a choking manner.

93.    Plaintiff startled responded "No."

94.    Plaintiff alleges that Defendant MICHAEL MARSHALL began yelling at her calling her a "liar."

95.    Plaintiff alleges that Defendant MICHAEL MARSHALL told her that "he would find out the truth."

96.    Plaintiff alleges that after several hours of Defendant MICHAEL MARSHALL'S badgering, she felt drained.

97.    Plaintiff alleges that Defendant MICHAEL MARSHALL never informed her of the nature of the "anonymous" allegations against her.

98.    Plaintiff alleges that Defendant MICHAEL MARSHALL never showed her the contents of any written allegations against her.

99.    Plaintiff alleges that she was perplexed because Defendant CITY through Defendant ELOISE M. ARCHIBALD or her counterpart previously evaluated her and found her psychologically suitable for police work.

100.    Plaintiff alleges that Defendant MICHAEL MARSHALL ordered her under threat of suspension to sign a HIPPA release to obtain her personal medical records.

101.    Plaintiff alleges that Defendant MICHAEL MARSHALL told her "if I do not

receive your medical records in two (2) weeks you will be terminated."

102.    Plaintiff alleges that Defendant MICHAEL MARSHALL told her "you might as well fess up and tell the truth."

103.    Plaintiff alleges that Defendant MICHAEL MARSHALL then dismissed her from his office.

104.    Plaintiff alleges that on or about May 28, 2008, Defendant MICHAEL MARSHALL re-interviewed her.

105.    Plaintiff alleges that Defendant MICHAEL MARSHALL accused her of caring more about her looks than her health.

106.    Plaintiff alleges that Defendant MICHAEL MARSHALL then continued with the same line of questioning as the May 7, 2008 interview.

107.    Plaintiff alleges that after some period of time, Defendant MICHAEL MARSHALL dismissed her from his office.

108.    Plaintiff alleges that she left there frustrated, defeated and perplexed.

109.    Plaintiff alleges that she was fearful of losing her job for no reason.

110.    Plaintiff alleges that in or around May 2008, she met with PBA Delegate Police Officer Wallace and he assured her that the allegations against her were unfounded and that she would graduate with her class.

111.    Plaintiff alleges that on or about June 11, 2008, she was placed on "Restricted Duty."

112.    Plaintiff alleges that on or about June 13, 2008, she asked Defendant ELOISE M. ARCHIBALD, Defendant MICHAEL MARSHALL'S direct supervisor whether she needed to be re-interviewed by Defendant MICHAEL MARSHALL.

113.    Plaintiff alleges that Defendant ELOISE M. ARCHIBALD replied "No."

114.    Plaintiff then asked Defendant ELOISE M. ARCHIBALD whether she was graduating with her class.

115.    Plaintiff alleges that Defendant ELOISE M. ARCHIBALD told her to "sit tight and be patient."

116.    Plaintiff alleges that by now, everyone in her company as well as her sister companies knew about her psychological hold.

117.    Plaintiff alleges that she was hurt and embarrassed.

118.    Plaintiff alleges that from around July 2, 2008 until she was terminated on or about August 27, 2008, she was assigned to Recruit Operations along with the other holdover recruits.

119.    Plaintiff alleges that during that time period up until she was terminated, she was ordered to perform various subservient custodial duties sweeping, mopping floors, etc.

120.    Plaintiff alleges that she and the other female recruits were ordered to perform subservient custodial duties while the male recruits would be allowed to do as they pleased.

121.    Plaintiff alleges that Defendant HAMILTON (Male) once ordered her to clean the kitchen and the break room because "females have that special touch."

122.    Plaintiff alleges that she and the other two (2) female recruits would be assigned to clean the kitchen and break room.

123.    Plaintiff alleges that she never saw the male recruits perform such demeaning tasks.

124.    Plaintiff alleges that Defendant WHYE (Male) once ordered her to scrape gum and paint off of the gym floor.

125.    Plaintiff alleges that when she handed the scraper to one of the male recruits, as she turned her back one of the male recruits threw it at her.

126.    Plaintiff alleges that she told Defendant WHYE about the incident but he did nothing about it.

127.    Plaintiff alleges that there were a number of male and female holdovers.

128.    Plaintiff alleges that the only other female psychological holdover was given preferential treatment because her family member is a high ranking police executive therefore she was assigned to Recruit Operations.

129.    Plaintiff alleges that this female recruit did not have to clean as the other female recruits.

130.    Plaintiff does not know the outcome of her holdover status.

131.    Plaintiff alleges that there were three (3) male psychological holdovers.

132.    Plaintiff alleges that the males were treated differently.

133.    Plaintiff alleges that each male told her that their psychological reviews lasted five (5) minutes, unlike her grueling interviews.

134.    Plaintiff alleges that one (1) male was accused of lying on his PA15 about prior psychological episodes.

135.    Plaintiff believes that he either resigned or de-certified and terminated.

136.    Plaintiff alleges that another male was accused of menacing a person with a gun.

137.    Plaintiff does not know the outcome of his holdover status.

138.    Plaintiff alleges that the last male (Police Officer John Cicero) was accused by his former girlfriend of disturbing psychological episodes including steroid use.

139.    Plaintiff alleges that, despite the girlfriends disturbing allegations, he was certified

by Defendant ELOISE M. ARCHIBALD or her counterpart for graduation.

140.    Plaintiff alleges that he was treated differently because he is a male.

141.    Plaintiff alleges that the allegations against him were treated differently because his accuser is a female.

142.    Plaintiff alleges that on or about January 21, 2010, Police Officer John Cicero along with Police Officer William Green was videotaped by bystanders assaulting a handcuffed prisoner on the ground while several police supervisors and other police personnel watched.

143.    Plaintiff alleges that on or about August 27, 2008, she was terminated without explanation.

144.    Plaintiff alleges that her termination was based upon an unfair and gender biased investigation and assessment by Defendants' ELOISE M. ARCHIBALD and MICHAEL MARSHALL.

145.    Plaintiff alleges that Defendants' ELOISE M. ARCHIBALD and MICHAEL MARSHALL chose to believe subjective unsupported, wild, gender-based allegations as opposed to trusting Defendant ELOISE M. ARCHIBALD'S or her counterpart's original objective assessment.

146.    Plaintiff alleges that her termination was upheld because there are no checks and balances within the NYPD to ensure that psychological reviews are free from bias.

147.    Plaintiff alleges that the conduct of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE'S gender bias led to her termination.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### GENDER DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

148.    Plaintiff re-alleges Paragraphs 1 through 147 and incorporates them by reference as Paragraphs 1 through 147 of Count I of this Second Amended Complaint.

149.    Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

150.    Plaintiff alleges that as part of its pattern and practice of employment discrimination, Defendant' CITY through its agents treated her in a manner indicative of gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

151.    Plaintiff alleges that Defendant CITY knew or should have known about gender discrimination in the workplace because of their prior history of discriminatory conduct against her and other similarly situated individuals.

152.    Plaintiff alleges that Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which she was subjected to, which was clearly motivated by gender discrimination.

153.    Plaintiff alleges that as a result of the discriminatory acts of Defendant CITY through its agents, she suffered depression and anxiety.

154.    Plaintiff alleges that Defendant City acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at her and continued from in or around May 7, 2008, until her termination.

155.     Plaintiff alleges that as a result of the acts of Defendant CITY through its agents under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

156.     Plaintiff re-alleges Paragraphs 1 through 155 and incorporates them by reference as Paragraphs 1 through 155 of Count II of this Second Amended Complaint.

157.     Plaintiff alleges that Defendant CITY through its agents engaged in various retaliatory actions against her as a result of her opposition to gender discrimination.

158.     Plaintiff alleges that as a result of the illegal acts of Defendant CITY through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

159.     Plaintiff re-alleges Paragraphs 1 through 158 and incorporates them by reference as Paragraphs 1 through 158 of Count III of this Second Amended Complaint.

160.     Plaintiff alleges that Defendant CITY through its agents engaged in various severe and hostile actions towards her as a result of her opposition to gender discrimination.

161.     Plaintiff alleges that as a result of the severe and hostile acts of the Defendant CITY through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT IV
## GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

162.    Plaintiff re-alleges Paragraphs 1 through 161 and incorporates them by reference as Paragraphs 1 through 161 of Count IV of this Second Amended Complaint.

163.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to be free from deprivation of life, liberty, and property without due process of law.

164.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting individually and in their official capacities as public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

165.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

166.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around May 7, 2008, until her termination.

167.    Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M.

ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON

and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred

medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT V**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

168.    Plaintiff re-alleges Paragraphs 1 through 167 and incorporates them by reference
as Paragraphs 1 through 167 of Count V of this Second Amended Complaint.

169.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of

law, personally interfered with and deprived her of her constitutional rights, including the rights

to be free from deprivation of life, liberty, and property without due process of law.

170.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting

individually and in their official capacities as public officials of Defendant CITY under color of

law, and having been fully advised that she was being deprived of her constitutional rights, either

acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing

such discrimination was taking place, knowingly omitted to act to protect her from continuing

deprivations of her rights.

171.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to

deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of

her rights.

172.   Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL
MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an
outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed
at her and continuing from in or around May 7, 2008, until her termination.

173.   Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M.
ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON
and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred
medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of
pursuing the claims herein.

**COUNT VI**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

174.   Plaintiff re-alleges Paragraphs 1 through 173 and incorporates them by reference
as Paragraphs 1 through 173 of Count VI of this Second Amended Complaint.

175.   Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL
MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of
law, personally interfered with and deprived her of her constitutional rights, including the rights
to be free from deprivation of life, liberty, and property without due process of law.

176.   Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL
MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting
individually and in their official capacities as public officials of Defendant CITY under color of
law, and having been fully advised that she was being deprived of her constitutional rights, either
acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing

such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

177.   Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

178.   Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around May 7, 2008, until her termination.

179.   Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

180.   Plaintiff re-alleges Paragraphs 1 through 179 and incorporates them by reference as Paragraphs 1 through 179 of Count VII of this Second Amended Complaint.

181.   Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to be free from deprivation of life, liberty, and property without due process of law.

182.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting individually and in their official capacities as public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

183.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

184.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around May 7, 2008, until her termination.

185.    Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT VIII
### IMPROPER TRAINING
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

186.    Plaintiff re-alleges Paragraphs 1 through 185 and incorporates them by reference

as Paragraphs 1 through 185 of Count VIII of this Second Amended Complaint.

187.     Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to be free from deprivation of life, liberty, and property without due process of law.

188.     Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting individually and in their official capacities as public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

189.     Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

190.     Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around May 7, 2008, until her termination.

191.     Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred

medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IX
## IMPROPER DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

192.    Plaintiff re-alleges Paragraphs 1 through 191 and incorporates them by reference as Paragraphs 1 through 191 of Count IX of this Second Amended Complaint.

193.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to be free from deprivation of life, liberty, and property without due process of law.

194.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting individually and in their official capacities as public officials of Defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

195.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

196.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an

outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed

at her and continuing from in or around May 7, 2008, until her termination.

197.    Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M.

ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON

and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred

medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

## COUNT X
## PROCEDURAL DUE PROCESS
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

198.    Plaintiff re-alleges Paragraphs 1 through 197 and incorporates them by reference

as Paragraphs 1 through 197 of Count X of this Second Amended Complaint.

199.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of

law, personally interfered with and deprived her of her constitutional rights, including the rights

to be free from deprivation of life, liberty, and property without due process of law.

200.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting

individually and in their official capacities as public officials of Defendant CITY under color of

law, and having been fully advised that she was being deprived of her constitutional rights, either

acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing

such discrimination was taking place, knowingly omitted to act to protect her from continuing

deprivations of her rights.

201.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

202.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around May 7, 2008, until her termination.

203.    Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XI**
**SUBSTANTIVE DUE PROCESS**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

204.    Plaintiff re-alleges Paragraphs 1 through 203 and incorporates them by reference as Paragraphs 1 through 203 of Count XI of this Second Amended Complaint.

205.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of law, personally interfered with and deprived her of her constitutional rights, including the rights to be free from deprivation of life, liberty, and property without due process of law.

206.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting individually and in their official capacities as public officials of Defendant CITY under color of

law, and having been fully advised that she was being deprived of her constitutional rights, either

acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing

such discrimination was taking place, knowingly omitted to act to protect her from continuing

deprivations of her rights.

207.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to

deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of

her rights.

208.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an

outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed

at her and continuing from in or around May 7, 2008, until her termination.

209.    Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M.

ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON

and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred

medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT XII**
**EQUAL PROTECTION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

210.    Plaintiff re-alleges Paragraphs 1 through 209 and incorporates them by reference

as Paragraphs 1 through 209 of Count XII of this Second Amended Complaint.

211.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE under color of

law, personally interfered with and deprived her of her constitutional rights, including the rights

to be free from deprivation of life, liberty, and property without due process of law.

212.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acting

individually and in their official capacities as public officials of Defendant CITY under color of

law, and having been fully advised that she was being deprived of her constitutional rights, either

acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing

such discrimination was taking place, knowingly omitted to act to protect her from continuing

deprivations of her rights.

213.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE in acting to

deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of

her rights.

214.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE acted in an

outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed

at her and continuing from in or around May 7, 2008, until her termination.

215.    Plaintiff alleges that as a result of the acts of Defendants' CITY; ELOISE M.

ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON

and WHYE under color of law, she suffered emotional distress, monetary damage, and incurred

medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

## COUNT XIII
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

216.    Plaintiff re-alleges Paragraphs 1 through 215 and incorporates them by reference as Paragraphs 1 through 215 of Count XIII of this Second Amended Complaint.

217.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

218.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE discriminated against her because of her gender.

219.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE, she suffered the indignity of gender discrimination and great humiliation.

220.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

221.    Plaintiff re-alleges Paragraphs 1 through 220 and incorporates them by reference as Paragraphs 1 through 220 of Count XIV of this Second Amended Complaint.

222.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

223.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

224.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE engaged in various retaliatory actions against her as a result of her opposition to gender discrimination.

225.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE, she suffered the indignity of gender discrimination and great humiliation.

226.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT XV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

227.    Plaintiff re-alleges Paragraphs 1 through 226 and incorporates them by reference as Paragraphs 1 through 226 of Count XV of this Second Amended Complaint.

228.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

229.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where gender discrimination and/or retaliation are encouraged and/or tolerated.

230.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE engaged in

various hostile actions against her as a result of her opposition to gender discrimination.

231.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL;

LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE, she suffered the indignity of

gender discrimination and great humiliation.

232.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE'S violations

caused her mental anguish, emotional distress, and loss of employment opportunities.

### COUNT XVI
### GENDER DISCRIMINATION
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

233.    Plaintiff re-alleges Paragraphs 1 through 239 and incorporates them by reference

as Paragraphs 1 through 238 of Count XVI of this Second Amended Complaint.

234.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it

unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment because of their gender.

235.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL

MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE discriminated

against her because of her gender.

236.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL;

LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE, she suffered the indignity of

gender discrimination and great humiliation.

237.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT XVII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

238.    Plaintiff re-alleges Paragraphs 1 through 237 and incorporates them by reference as Paragraphs 1 through 237 of Count XVII of this Second Amended Complaint.

239.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

240.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

241.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE engaged in various retaliatory actions against her as a result of her opposition to gender discrimination.

242.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE, she suffered the indignity of gender discrimination.

243.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XVIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

244.    Plaintiff re-alleges Paragraphs 1 through 243 and incorporates them by reference as Paragraphs 1 through 243 of Count XVIII of this Second Amended Complaint.

245.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

246.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where gender discrimination and/or retaliation are encouraged and/or tolerated.

247.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE engaged in various hostile actions against her as a result of her opposition to gender discrimination.

248.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE, she suffered the indignity of gender discrimination and great humiliation.

249.    Plaintiff alleges that Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE DOE 1; JANE DOE 2; HAMILTON and WHYE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## **JURY TRIAL**

250.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff demands compensatory and punitive damages from

Defendants' CITY; ELOISE M. ARCHIBALD; MICHAEL MARSHALL; LANARIS; JANE

DOE 1; JANE DOE 2; HAMILTON and WHYE jointly and severally, in an amount to be

determined at trial, plus any and all available statutory remedies, both legal and equitable, and

interests and costs.

Dated: August 18, 2011
       New York, NY

Respectfully submitted,

By: _____
Eric Sanders (ES0024)

THE SANDERS FIRM, P.C.
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com
Twitter: https://twitter.com/#!/SandersFirmPC
Facebook http://www.facebook.com/thesandersfirmpc