UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

RENEE CAMOIA,

                Plaintiff,

                -against-

THE CITY OF NEW YORK; ELOISE
ARCHIBALD, *as Director, Psychological
Services Section;* MICHAEL MARSHALL,
*as Department Psychologist, Psychological
Services Section*; LANARIS, *as Sergeant,
Recruit Training School*; JANE DOE 1, *as
Sergeant, Recruit Training School*; JANE
DOE 2, *as Police Officer, Recruit Training
School*; HAMILTON, *as Sergeant, Recruit
Training School*; and WHYE, *as Sergeant,
Recruit Training School*, each being sued
individually and in their official capacities
as employees of Defendant CITY OF NEW
YORK,

                Defendants,

----------------------------------------------------------X

                            **ORDER**
                    **09 CV 2545 (SLT)(LB)**

**BLOOM, United States Magistrate Judge:**

        This employment discrimination action comes before the Court on a motion to amend

with a convoluted history. Plaintiff seeks leave to file a third amended complaint to reinstate

claims that she alleges were omitted from this action by her previous counsel without her

knowledge. Defendants oppose plaintiff's motion. For the reasons set forth below, plaintiff's

motion to amend is granted.[1]

---

[1] I can decide plaintiff's instant motion to amend which has been referred to me. See Fielding v. Tollaksen, 510 F.3d
175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive motions, such as a motion to amend the
complaint, to a magistrate judge for decision without the parties' consent").

**BACKGROUND**

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") on December 31, 2008, requesting that the EEOC issue a Right to Sue

letter so that she could pursue her employment discrimination claims in the United States District

Court.[2] (Decl. of Gomez-Sanchez, Ex. 1, ECF No. 47-1.) On June 12, 2009, plaintiff commenced

this action, alleging, *inter alia*, causes of action for gender and disability discrimination. (ECF

No. 1.) However, before serving defendants with the original complaint, plaintiff's counsel filed

an amended complaint which eliminated several defendants as well as plaintiff's disability

discrimination claims. Plaintiff alleges that she was unaware that her former counsel filed the

amended complaint. Plaintiff further alleges that she would not have agreed to file the first

amended complaint because it did not include her disability discrimination claims. (Pl.'s Aff. ¶

4.)

On January 31, 2011, with defendants' fully briefed motion to dismiss pending,

plaintiff's counsel sought to withdraw from this action and the Court granted counsel's request.

(ECF No. 24.) On July 26, 2011, the Court denied defendants' pending motion to dismiss, and

granted plaintiff leave to file a second amended complaint to cure the deficiencies outlined by

the Court's order. (ECF No. 25.)

Plaintiff's new attorney filed a second amended complaint that omitted plaintiff's gender

discrimination claim.[3] By order dated October 5, 2011, Judge Townes approved a briefing

schedule for defendants' motion to dismiss the second amended complaint. Nearly three weeks

after plaintiff's opposition to defendants' motion was due, plaintiff's second attorney sought

permission to withdraw from the case. (ECF No. 34.)  Given defendants' pending motion to

---

[2] Plaintiff's charge of discrimination marked boxes labeled "sex" and "other" to indicate the bases for her claims of discrimination. While the form also contains a box that can be checked for disability discrimination, plaintiff alleges that she believed that box marked "other" encompassed her disability discrimination claims which she detailed elsewhere in the charge. (Pl.'s Aff. ¶ 2.)

[3] Plaintiff's new attorney was formerly employed by the firm that filed plaintiff's original and first amended complaints.

dismiss and the timing of the request, the Court denied counsel's request to withdraw. However, the next day, plaintiff's current attorney filed a notice of consent to change attorneys, which the Court later endorsed. (ECF No. 36, 37, 40.)

Plaintiff alleges that upon meeting with her current counsel, she learned that her first attorney filed an amended complaint that did not include her disability discrimination claims and that the second amended complaint filed by her previous attorney failed to reinstate them. (Pl.'s Aff. ¶ 4.) Plaintiff's current counsel now seeks leave to file a third amended complaint so that "this matter may encompass all claims which [plaintiff] intended to put before this court." (Pl.'s Letter Req. Pre Mot. Conf. at 1, ECF No. 43.) Plaintiff's proposed third amended complaint also eliminates certain individual defendants, withdraws several state and federal claims, and reduces the overall length of plaintiff's complaint by twenty pages.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint after an answer has been filed only with leave of Court or consent of the opposing party; however, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend should be denied only for good reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). Whether to grant a motion to amend is a matter left to the discretion of the Court. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

"[T]he stated purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." Katzenberg v. Lazzari, 04 CV 5100 (CBA), 2007 WL 1017645 (E.D.N.Y. Mar. 12, 2007) (quoting Chapman v. YMCA of Greater Buffalo, 161 F.R.D. 21, 24 (W.D.N.Y.1995)). Here, plaintiff alleges that her disability discrimination claims were erroneously removed from this action by her prior counsel without her knowledge. Defendants argue that parties are generally bound by the mistakes of the attorneys they choose to represent them. Moreover, defendants seek to discredit that plaintiff was unaware of the changes made by the prior amendments. However, whatever plaintiff knew or did not know, plaintiff's disability discrimination claims were removed from her complaint and she wants to pursue these claims. While plaintiff's earlier knowledge of the mistake might constitute undue delay in not rectifying the error sooner, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Whether plaintiff had knowledge of the error at an earlier time does not in and of itself constitute bad faith or a dilatory purpose.

Likewise, defendants here will not be prejudiced by plaintiff's amendment. The proposed amended complaint in the instant case does not: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). The parties in this matter are still at the pleadings stage and discovery has not yet begun. Moreover, defendants were put on notice of plaintiff's disability discrimination claims by the original pleading, and the claims which plaintiff seeks to add arise out of the same set of facts already alleged. Given that the parties are still at the pleadings stage, defendants are not prejudiced by permitting plaintiff to file a third amended complaint. "The rule in this circuit is that leave to amend should be freely

granted when justice so requires especially where there is no good reason not to grant it."

Panzella v. Skou, 471 F. Supp. 303, 304–05 (S.D.N.Y. 1979) (internal quotations and changes

omitted) (citing Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 287 (2d Cir. 1974)). Under

the circumstances of the present case, I find no good reason not to grant plaintiff's instant motion

to amend.

The Court does not credit defendants' claims that the motion to amend should be denied

because plaintiff has repeatedly failed to cure the deficiency in her previous amendments, or

because the proposed amendment would be futile. (Defs.' Mem. of Law in Opp., ECF No. 47.)

As an initial matter, this is not the type of case where plaintiff has failed to cure "specifically

identified deficiencies." Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d

376, 386 (D. Conn. 2008) (quoting Foman); See also Denny v. Barber, 576 F.2d 465, 471 (2d

Cir. 1978) (holding denial of leave was appropriate where plaintiff was on "the plainest notice of

what was required" and failed to plead accordingly). Moreover, because the "deficiency" at issue

here did not arise until plaintiff's disability discrimination claims were omitted from the first

amended complaint, there is no repeated failure to cure the deficiency.

Furthermore, while the court may deny leave to amend where a proposed amendment is

"clearly frivolous or legally insufficient on its face," Manigaulte v. C.W. Post of Long Island

Univ., 659 F. Supp. 2d 367, 377 (E.D.N.Y. 2009), that is not the case here.[4] Defendants will have

the opportunity to renew their motion to dismiss to address plaintiff's disability claims. As

defendants opposition to plaintiff's instant motion to amend already reads like a Rule 12(b)(6)

---

[4] Although the Court should deny a party leave to amend "[w]here it appears that granting leave to amend is unlikely to be productive," Ruffolo, 987 F.2d at 131 (changes in original), in the instant case many of defendants' futility arguments require fact-specific analysis. See e.g. McMillan v. City of New York, 11-3932, 2013 WL 779742 (2d Cir. Mar. 4, 2013) (noting "the importance of conducting a fact-specific analysis in ADA claims"). "Unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." Lerman v. Chuckleberry Pub., Inc., 544 F. Supp. 966, 968 (S.D.N.Y. 1982) rev'd sub nom. Lerman v. Flynt Distrib. Co., 745 F.2d 123 (2d Cir. 1984). Plaintiff's proposed amendment is not clearly frivolous or legally insufficient on its face.

motion, defendants should have little difficulty in properly addressing the sufficiency of plaintiff's claims on a motion to dismiss.

The Court agrees that this case has gone on for some time without getting very far.[5] However, given the "liberal spirit of Rule 15," <u>Williams v. Citigroup Inc.</u>, 659 F.3d 208, 214 (2d Cir. 2011), and under the circumstances presented herein, plaintiff should not be denied an opportunity to correct the mistakes of her former counsel by filing the third amended complaint. Defendants can address any shortcomings in plaintiff's third amended complaint by renewing their motion to dismiss.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to amend is granted, and plaintiff shall immediately file the third amended complaint. The Clerk of Court shall mark defendants' pending motion to dismiss the second amended complaint as withdrawn without prejudice. Defendants may renew their motion to dismiss or answer the third amended complaint by March 27, 2013. Assuming defendants move to dismiss, plaintiff shall respond to defendants' renewed motion by April 25, 2013. Defendants shall serve their reply and the parties shall electronically file the fully-briefed motion by May 1, 2013.[6]

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: March 7, 2013
Brooklyn, New York

---

[5] Defendants' footnote 1 in their memorandum of law in opposition to plaintiff's motion states that defendants Lanaris, Hamilton, and Whye have not been served. Defendants should fully address this issue on their motion to dismiss, rather than raising it in a footnote.

[6] According to Judge Townes's individual practices, no motion papers shall be filed until the motion has been fully briefed. Thus, in the event defendants move to dismiss, the parties shall serve the other party on the dates set forth in this order, but should only file their papers with the Court on May 1, 2013, once the motion is fully briefed.